Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000301
22-FEB-2019
07:59 AM

NO. CAAP-18-0000301

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
MAGGIE KWONG, Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(Case No. 1DTA-17-02539)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Ginoza, Chief Judge, Leonard and Chan, JJ.)

Upon review of the record of district court criminal case number 1DTA-17-02539 and the resulting appeal, it appears that we lack appellate jurisdiction over Defendant-Appellant Maggie Kwong's (Kwong) appeal from the Honorable William M. Domingo's March 14, 2018 judgment of conviction for operating a vehicle under the influence of an intoxicant in violation of HRS § 291E-61 (Supp. 2017), because the March 14, 2018 judgment indicates, on its face, that the district court's sentence is not yet final.

"The right of appeal in a criminal case is purely statutory[.]" State v. Nicol, 140 Hawai'i 482, 485, 403 P.3d 259, 262 (2017) (citation and internal quotation marks omitted). The Hawai'i Intermediate Court of Appeals has jurisdiction "[t]o hear and determine appeals from any court or agency when appeals are allowed by law[.]" HRS § 602-57(1) (2016). HRS § 641-12(a) (2016) is the statute providing that "[a]ppeals upon the record shall be allowed from all final decisions and final judgments of district courts in all criminal matters." Consequently, "in order to appeal a criminal matter in the district court, the appealing party must appeal from a written judgment or order that has been filed with the clerk of the court pursuant to HRAP Rule 4(b)(3)." State v. Bohannon, 102 Hawai'i 228, 236, 74 P.3d 980, 988 (2003); see also Rule 32(c)(2) of the Hawai'i Rules of Penal Procedure. In order to perfect a defendant's right to appeal from a district court criminal case pursuant to HRS § 641-12(a), the district court must enter either a judgment of conviction with a complete sentence or a judgment dismissing the complaint without prejudice, thereby terminating the proceedings and leaving nothing further to be accomplished by the district court. State v. Kilborn, 109 Hawai'i 435, 442, 127 P.3d 95, 102 (App. 2005); Nicol, 140 Hawai'i at 491, 403 P.3d at 268. If the sentence is not final, then the judgment is not appealable. Kilborn, 109 Hawai'i at 442, 127 P.3d at 102 (holding judgment

2

without undecided restitution amount was not final.)

The instant case is similar to <u>Kilborn</u> in that the district court's March 14, 2018 judgment expressly left open the possibility that the sentence might include something more, which, in this case, is the possible revocation of Kwong's driver's license. In Kwong's July 11, 2018 amended statement of jurisdiction, counsel for Kwong concedes that the March 14, 2018 judgment is not an appealable final judgment under HRS § 641-12 because the district court's sentencing is not yet complete. Absent an appealable final judgment, we lack appellate jurisdiction.

"Generally, the filing of a notice of appeal divests the trial court of jurisdiction over the appealed case." <u>TSA International Limited v. Shimizu Corporation</u>, 92 Hawai'i 243, 265, 990 P.2d 713, 735 (1999) (citations omitted). "The general rule, however, assumes that the notice of appeal is valid under the applicable statutory provisions and procedural rules. <u>Where the notice of appeal is jurisdictionally defective, filing the notice does not transfer jurisdiction from the trial court to the appellate court.</u>" <u>State v. Ontiveros</u>, 82 Hawai'i 446, 449, 923 P.2d 388, 391 (1996) (citations omitted; emphasis added). In light of our lack of appellate jurisdiction, the pendency of Kwong's premature and jurisdictionally defective appeal has not divested the district court of jurisdiction to proceed forward

3

with the resolution of the outstanding issue whether the district court will revoke Kwong's driver's license.

Therefore, IT IS HEREBY ORDERED that appellate court case number CAAP-18-0000301 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, February 22, 2019.


Chief Judge


Associate Judge


Associate Judge

4